**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALFREDO RODRIGUEZ, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 15-CV-410-JED-FHM |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
|     Respondent. | ) |

**OPINION AND ORDER**

On July 22, 2015, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2004-5178. *See* Doc. 1 at 1. By Order filed August 12, 2015 (Doc. 5), the Court directed Respondent to file a response to the petition. Respondent filed a motion to dismiss petition as time barred (Doc. 7), along with a supporting brief (Doc. 8). Petitioner filed a response to the motion to dismiss (Doc. 9).

It has come to the Court's attention that Petitioner has, in the past, filed another petition for writ of habeas corpus in this Court.[1] In N.D. Okla. Case No. 07-CV-410-GKF-PJC, Petitioner[2] challenged his conviction entered in Tulsa County District Court, Case No. CF-2004-5178. On

---

[1] The Court notes that Question 14 of the standard court form used by Petitioner in filing this action asked: "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" (Doc. 1 at 11). Petitioner marked the "No" box on the form. *Id.* Whether Petitioner acted through inadvertence or with the intention of misleading the Court, his response was false.

[2] On the face of the petition filed in N.D. Okla. Case No. 07-CV-410-GKF-PJC, Petitioner spelled his surname "Rodreguez." However, the Court is confident that the petitioner in that case and the petitioner in the instant case are the same individual. Both have the same prisoner identification number, 507228, and both raise claims challenging a First Degree Murder conviction entered in Tulsa County District Court, Case No. CF-2004-5178.

December 15, 2010, the Court denied the petition, denied a certificate of appealability, and entered judgment in favor of Respondent. Petitioner did not appeal that ruling to the Tenth Circuit Court of Appeals.

Petitioner has now filed a second petition for writ of habeas corpus, again challenging his conviction entered in Tulsa County District Court, Case No. CF-2004-5178. Based on the Court's ruling in N.D. Okla. Case No. 07-CV-410-GKF-PJC, this petition is a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(a),(b). The Tenth Circuit has determined that, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition (Doc. 1), the Court finds that there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer and that it would be a waste of judicial resources to transfer this petition, raising only frivolous and time-barred claims, to the Tenth Circuit. For that reason, the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction. *Cline*, 531 F.3d at 1252. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for lack of jurisdiction as a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals. Respondent's motion to dismiss (Doc. 7) is **declared moot**.

ORDERED THIS 19th day of May, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE